IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DAVID TUCKER, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 7:09-CV-67 (WLS) |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| CAROLTON POWELL; VIRGINIA WILLIAMS; ROLAND BROWN; Officer GRIFFIN; Officer MCCRAY; JOHN DOE; JANE DOE, | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **DAVID TUCKER**, a pretrial detainee at the Thomas County Jail in Thomasville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated June 22, 2009, the Court already granted his motion to proceed *in forma pauperis*.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff has filed a shotgun pleading alleging numerous unrelated claims against numerous defendants. First the Court notes that plaintiff has named two Doe defendants–both John and Jane. Fictitious party practice is not allowed by the Federal Rules of Civil Procedure or any other rule. *Seeks v. Benton*, 649 F. Supp. 1297 (S. D. Ala. 1986). Moreover, a summons cannot be served on a party who is not identified.

Consequently, it is **RECOMMENDED** that John and Jane Doe be **DISMISSED WITHOUT PREJUDICE** to the rights of plaintiff to amend his complaint should he be able to determine their identities. Plaintiff is advised that if he wishes to replace the Doe defendants with specifically named defendants he must do so before the applicable statute of limitations expires.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these Recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Next, the Court notes that plaintiff has shown Officer McCray in the heading of his complaint. However, it does not appear that plaintiff has made any allegations against Officer McCray. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). Officer McCray is subject to dismissal on this ground alone. The same can be said for Sheriff Carolton

Powell. Plaintiff has not alleged how the Sheriff has violated his constitutional rights. Perhaps plaintiff has named the Sheriff in an attempt to hold him liable for the actions of the jail employees. However, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. ***H.C. by Hewett***, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not allege that Carolton Powell was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.

Accordingly, the Undersigned **RECOMMENDS** that Officer McCray and Sheriff Powell be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these Recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Plaintiff alleges that he is being denied access to the courts. He states that he is being denied "indigent legal supplies." However, he does state that he has been given a small note pad, pencils,

and envelopes.  The Court notes that plaintiff alleges he was incarcerated on May 21, 2009 and he filed this action on June 2, 2009.  Since that time, plaintiff has filed a numerous motions and supplements to his complaint  It certainly appears that plaintiff is having no problem filing documents with this Court.  Plaintiff also complains that there is no useful law library at the Thomas County Jail and that the legal books at the jail are outdated.  There is no "abstract, freestanding right to a law library or legal assistance."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In order to state a cognizable claim of denial of access to the courts, plaintiff must show that he suffered an actual injury.  *Id.* at 349.  To prove actual injury, the prisoner must "demonstrate that the alleged [inadequacies] . . . hindered his efforts to pursue a legal claim."  *Id.* at 351.  Plaintiff has not made such a showing.   He merely states in a conclusory fashion that he has been "prejudiced."  Plaintiff, however, has not shown how any legal action in which he is involved has been negatively impacted by the lack of books or lack of "indigent legal supplies."

Accordingly, the Undersigned **RECOMMENDS** that plaintiff's claim regarding access to courts be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these Recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Plaintiff complains that on May 30, 2009, the "staff denied all visitors for plaintiff."  Pretrial detainees have the right to . . . reasonable visitation."  *Nicholson v. Choctaw County*, Ala., 498 F. Supp. 295 (S. D. Ala 1980); *see also Block v. Rutherford*, 468 U.S. 576 (1984)(complete ban denying pretrial detainees contact visits upheld).  However, plaintiff has completely failed to allege which "staff" denied his visitation privileges on this one day.  Plaintiff does not allege that he has been denied visitation on any day except one–May 30.  Moreover, cases have held that although a

pre-trial detainee may experience mental suffering due to "being deprived of visitation with . . . friends," he may not bring a claim for such without a "'a prior showing of physical injury'" **Baker v. Croft**, 1:06-CV-2877, 2006 U.S. Dist. LEXIS 92744 at * 4 (N. D. Ga. Dec. 20, 2006) (quoting 42 U.S.C. § 1997e(e)).  As plaintiff has only alleged that he was denied visitation on one day, the Court finds this is a *de minimis* deprivation that does not approach constitutional dimensions.

Therefore, the Undersigned **RECOMMENDS** that plaintiff's claim that he was denied visitors on one occasion be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

Plaintiff complains that "Thomas County Jail [is] filthy and vermin infested." He complains of unpleasant temperatures, mold, "and other toxins." It appears that plaintiff is a pre-trial detainee at Thomas County Jail. The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." **Hamm v. DeKalb County**, 774 F.2d 1567, 1574 (11th Cir.1985).  Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care.  **See Hudson v. McMillian**, 503 U.S. 1 (1992); **Hudson v. Palmer**, 468 U.S. 517 (1984).   However, the Supreme Court has made it clear that the Constitution requires neither than prisons be comfortable nor that they provide every amenity that one might find desirable. **Rhodes v. Chapman**, 452 U.S. 337, 349 (1981).  To prevail on an Eighth Amendment claim (and a due process clause claim), plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate

health and safety.  *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

None of plaintiff's allegations regarding the living conditions at the jail, alone or in the aggregate, are sufficiently serious enough to implicate the Constitution.  Moreover, the Court notes that plaintiff simply states that the living conditions at the jail have "brought illness and suffering upon the plaintiff and all others housed in B-4."  Such a vague allegation does not show a "sufficiently serious" illness or injury to implicate the Constitution.  *See Farmer v. Brennan*, 511 U.S. 835 (1994).  Moreover, as the Court has already explained to plaintiff, he cannot litigate on behalf of other inmates at the Thomas County Jail.

Therefore, the Undersigned **RECOMMENDS** that plaintiff's claims regarding the conditions of confinement at the Thomas County Jail be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

**SO RECOMMENDED**, this 29th day of July, 2009.

>   */s/ Richard L. Hodge*
>   RICHARD L. HODGE
>   UNITED STATES MAGISTRATE JUDGE

lnb